UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY LEE PANSIER,

            Plaintiff,

    v.                               Case No. 06-C-0553

DENNIS KOCKEN, Brown County Sheriff,
CHIEF JUDGE RUDOLPH T. RANDA,
UNITED STATES OF AMERICA,

            Defendants.

## ORDER OF SUMMARY DISMISSAL

On May 2, 2006, petitioner Gary Lee Pansier filed an application for writ of habeas corpus seeking release from his incarceration in the Brown County Jail under this court's order of remedial contempt. Pansier is a defendant in a federal criminal action in which he is charged with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws by filing with the Internal Revenue Service (IRS) false Forms 8300 and fictitious financial instruments referred to as sight drafts, all in violation of 26 U.S.C. § 7212(a). In addition, Pansier is charged with eight counts of filing false Forms 8300 in violation of 26 U.S.C. § 7206(1), and twenty-one counts of filing false or fictitious sight drafts in violation of 18 U.S.C. § 514(a)(2). Pansier is presently being held in the Brown County Jail under this court's order of remedial contempt issued on April 14, 2006, after Pansier willfully refused to comply with the court's previous order that he furnish the government with a handwriting exemplar. Pansier claims that his present custody is in violation of the Constitution of the United States and seeks immediate release.

I must give prompt initial consideration to Pansier's petition pursuant to Rule 4 of the rules governing habeas corpus cases which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The record in Case No. 05-CR-272, which is also assigned to this court, reflects that on February 15, 2006, the government filed a motion to direct the defendant to furnish handwriting and printing exemplars.  In support of its motion, the government noted the charges Pansier was facing and its contention that Pansier had signed his name to a series of false Internal Revenue Forms 8300 and fictitious financial instruments.  The government also noted that on two occasions in the course of its investigation it had served Pansier with grand jury subpoenas compelling him to provide handwriting exemplars.  On each occasion Pansier had failed to appear before the grand jury.  Despite this fact, the government proceeded to indict Pansier based upon the fact that he had apparently signed the false documents and caused them to be filed.  As noted above, the grand jury returned an indictment establishing probable cause to believe that Pansier had committed the crimes alleged.  Noting that the defendant had no constitutional privilege to refuse to furnish the handwriting and printing exemplars it requested, *see United States v. Dionisio*, 410 U.S. 1, 6-7 (1973), and *United States v. Jackson*, 886 F.2d 838, 845 N.8 (7th Cir. 1989)("there is no doubt that requiring a defendant to give a handwriting specimen does not violate his Fifth Amendment

privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication.")(*citing Gilbert v. California*, 288 U.S. 263, 267 (1967), the government requested that Pansier be directed to furnish such exemplars.

On February 27, 2006, this court entered an order directing Pansier to furnish the requested handwriting and printing exemplars. Pansier was ordered to provide the exemplars as the United States deems necessary "at a time and place to be arranged by the parties to this action." Pansier did not comply with the court's order, but rather filed two separate appeals. The appeals were consolidated by the Court of Appeals and dismissed by order dated April 5, 2006, for lack of jurisdiction. On April 6, 2006, this court entered an Order to Show Cause directing Pansier to appear on April 14, 2006, and show cause why he should not be held in contempt for failing to comply with the lawful order of the court. Pansier persisted in his refusal to comply and on April 14, 2006, this court entered an order for remedial contempt placing him in the Brown County Jail and imposing a graduated fine until such time as he complied. Pansier remains in the Brown County Jail and it is from this court's order of remedial contempt that he now seeks relief.

As he has previously, Pansier challenges the authority of this court to enter an order directing that he provide a handwriting exemplar. He contends that the government and this court are unlawfully coercing him to aid the government in establishing probable cause in order to establish the necessary prima facie evidence for the criminal case against him. (Petition at 5.) In Pansier's view, the necessary elements of the government's case were required to have been established prior to an indictment. If the government is in need of a handwriting exemplar to establish probable cause, Pansier claims the indictment should be dismissed. If, on the other hand, the government already has sufficient evidence to proceed to trial, then the handwriting exemplar is unnecessary. In either case, Pansier claims he is entitled to relief and the court's order is unconstitutional.

3

As noted, Pansier raised this issue before the court prior to the court's order for remedial contempt. The court attempted to explain to Pansier at that time that the government's burden at trial is significantly higher than the burden for obtaining an indictment. The government need only establish probable cause in order for the grand jury to return an indictment. However, to establish Pansier's guilt at trial, the government must prove its case beyond a reasonable doubt. It is the higher burden the government has in a criminal case which justifies the government's request for a handwriting exemplar. To establish its case, the government must prove that Pansier is the person that signed and filed the false Forms 8300 and fictitious sight drafts that form the basis of the charges against him. A handwriting exemplar will enable the government to have an expert compare the handwriting on the allegedly false and fictitious documents with Pansier's known handwriting. If the expert concludes from his or her examination that Pansier is the author of the false and fictitious documents, the expert's opinion, assuming the expert is qualified, will be admitted at trial, *see* Fed. R. Evid. 702, and will constitute strong evidence against Pansier. Since the case law clearly establishes that Pansier has no privilege to withhold such evidence, and since he has been given every opportunity to willingly provide such evidence, this court has no choice but to impose sanctions in order to force Pansier to comply with the court's order. Pansier will be freed from jail at such time as he complies with the court's order. Under these circumstances, I find no constitutional violation.

Pansier has, on numerous occasions, accused the court of violating its oath by imposing sanctions for his contempt of this court's order. In fact, the court would be violating its oath of office were it not to take action against Pansier for his willful refusal to comply with a lawful order of the court. Pansier has been afforded every opportunity to comply with this court's order and

avoid incarceration and the substantial fine that is accumulating.  His refusal to do so is his own decision and his loss of freedom is caused only by his own conduct.   Under the existing order, he "is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.' " *International Union, United Mineworkers v. Bagwell*, 512 U.S. 821, 828 (1994) (*quoting Gompers v. Bucks Stove & Range Co.Gompers*, 221 U.S. 418, 442 (1911)).   Under these circumstances, I find no violation of the defendant's constitutional rights.  His incarceration for remedial contempt is lawful and is the only means this court has of obtaining compliance with its order.

In sum, the petition for habeas corpus is without merit.  It must be and hereby is summarily dismissed.

**SO ORDERED** this   16th   day of May, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge